UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| LAUREN STOKES,<br><br>       Plaintiff,<br><br>    v.<br><br>GLENN BOYCE, CHANCELLOR OF THE UNIVERSITY OF MISSISSIPPI, in his official and personal capacities,<br><br>       Defendants. | Case No. 3:25-cv-307-GHD-RP<br><br>District Judge Glen H. Davidson<br><br>Magistrate Judge Roy Percy |

RESPONSE TO MOTION TO RESET HEARING

Lauren Stokes respectfully opposes Glenn Boyce's "Necessitous and Urgent Motion to Reset Hearing." [23]

The motion asks the Court to reset the January 12 hearing on Lauren's motion for preliminary injunctive relief. Lauren cannot consent to further delay under the circumstances, which include the following:

1. Ms. Mills provided the University with a copy of Lauren's motion for preliminary injunctive relief when she filed it. She told the University the motion required a timely response and said she would be glad to discuss a reasonable schedule with its counsel.

2. Ms. Mills and Mr. Mayo spoke shortly after. Mr. Mayo told Ms. Mills that a prescheduled surgery on December 11 would make a December hearing difficult for him. He said he would move the surgery to January if Ms. Mills insisted. Ms. Mills, understanding that the

surgery was important, told him that of course she was sensitive to his medical needs and would discuss it with her client, which she did.

3. Respecting that Mr. Mayo was unavailable for a December hearing, Ms. Mills agreed to give him until December 3, almost a month, to respond to Lauren's motion.

4. When, on December 3, Mr. Mayo asked if he could have even more time, until December 10, she agreed.

5. Mr. Mayo filed a response on December 10. Ms. Mills timely filed a reply on December 17.

6. On December 18 Mr. Mayo told Ms. Mills that he had not had surgery on December 11 as represented but instead had moved it to January.

7. Meanwhile, he has argued that Lauren is not entitled to relief because she delayed seeking it. Setting aside that the argument does not account for important facts, the argument, coupled with the continued delay of a hearing, undermines the importance of Lauren's motion and the interests at stake.

8. Understandably, Ms. Mills cannot consent to further delay. Mr. Mayo has advised Ms. Mills that the Court's next available date is not until February 13. If Mr. Mayo had not told Ms. Mills that he was having surgery on December 11, she would have insisted on a schedule that would have made a hearing in December possible.

9. There is no reason the hearing on January 12 cannot proceed without Mr. Mayo. The University is capably represented in this case by Paul Watkins, Mr. Mayo's partner.

10. Lauren and Ms. Mills intend to be prepared for a hearing whenever the Court instructs, but understandably they are eager to present Lauren's case to the Court.

Respectfully submitted,

_____
Alysson Mills, Mississippi Bar No. 102861

650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
t/f: 504-586-5253
Fax: 504-586-5253
alysson@alyssonmills.com

for Lauren Stokes

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

/s/ Alysson Mills

Alysson Mills, Mississippi Bar No. 102861