IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LAUREN STOKES,

    Plaintiff,

v.                                                          Case No.: 3:25-cv-307-GHD-RP

GLENN BOYCE, CHANCELLOR OF
THE UNIVERSITY OF MISSISSIPPI,
In his official and personal capacities,

    Defendants.

### REPLY IN SUPPORT OF *NECESSITOUS AND URGENT* MOTION
### TO RESET HEARING AND *REQUEST FOR EXPEDITED TREATMENT*

Plaintiff Lauren Stokes has not identified any prejudice she will suffer if this Court resets the hearing on her preliminary injunction motion from January 12 to February 13. She does not contend that February 13 presents any scheduling conflict for her or her counsel. Plaintiff does not contest that January 12 presents scheduling issues for Defendant Chancellor Glenn Boyce, Vice Chancellor Lisa Stone, and the Chancellor's lead counsel, with all available for a hearing on February 13. She also does not deny that on December 3, when her counsel first mentioned January 12 to Mr. Mayo as a possible hearing setting, he immediately informed her of issues with the potential January 12 setting. *See* Mtn. at ¶4 [Doc. 23].

Instead, Plaintiff misconstrues the Chancellor's argument that the Court should not award Plaintiff preliminary relief "because she delayed seeking it." *See* Resp. at ¶7 [Doc. 25]. That delay has nothing to do with the date for the hearing. Instead, the Chancellor points to the nearly two-month lapse between Plaintiff's termination in September and her first seeking preliminary relief in her Amended Complaint in November, by which time the University had filled her

position. *See* Brf. at 15 [Doc. 18], *and* Mtn. at ¶¶ 2 and 10 [Doc. 23].

To be clear, for the reasons stated in the Chancellor's Motion to Dismiss, this Court should dismiss Plaintiff's Amended Complaint without a hearing on her request for preliminary relief. *See* Brf. [Doc. 16]. The Court should also deny the request for preliminary relief without a hearing based on the legal arguments made by the Chancellor. *See* Brf. [Doc. 18] (*e.g.*, lack of irreparable harm and delay in pursing relief). However, if the Court conducts a preliminary injunction hearing, the Chancellor asks the Court to reset the hearing for February 13.

FOR THESE REASONS, the Chancellor requests that, unless the Court dismisses this action or Plaintiff's motion or stays this action pending resolution of the dispositive motion, the Court reset the hearing on Plaintiff's Motion for Preliminary Injunction from Monday, January 12, 2026, to Friday, February 13, 2026. The Chancellor requests such other relief as the Court deems appropriate under the circumstances.

This, the 29th day of December 2025.

Respectfully submitted,

**GLENN BOYCE, CHANCELLOR OF THE UNIVERSITY OF MISSISSIPPI, in his official and personal capacities**

 */s/ J. Cal Mayo, Jr.*
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)
*Attorneys for Defendant*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Tel: (662) 236-0055 | Fax: (662) 236-0035
*cmayo@mayomallette.com*
*pwatkins@mayomallette.com*